**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AUDIOVOX CORPORATION<br><br>                              Plaintiff,<br><br>v.<br><br>SOUTH CHINA ENTERPRISE, INC. d/b/a<br>NEXTBASE-USA.COM<br><br><br>                              Defendant. | Civil Action No. 2:11-cv-05142-JS-GRB |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER**

**TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................................1

RELEVANT FACTS ..............................................................................................................1

ARGUMENT ..........................................................................................................................2

    I.    The Court Has Personal Jurisdiction Over Nextbase-USA Under The New York Long-Arm Statute ...................................................................................................................2

    II.   Personal Jurisdiction Over Nextbase-USA Comports with Due Process ...........................5

    III.  The Court Should Not Transfer This Case .........................................................................8

CONCLUSION .....................................................................................................................11

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Alpha Int'l, Inc. v. T-Reproductions, Inc.*,
  No. 02 Civ. 9586, 2003 WL 21511957 (S.D.N.Y. July 1, 2003) ...................................................2

*American Network, Inc. v. Access America/Connect Atlanta, Inc.*,
  975 F. Supp. 494 (S.D.N.Y. 1997)...............................................................................................3

*Asahi Metal Indus. Co. v. Super Ct. of Cal.*,
  480 U.S. 102 (1987).....................................................................................................................6

*Boehner v. Heise*,
  410 F. Supp. 2d 228 (S.D.N.Y. 2006)..........................................................................................8

*Carbice Corp. of Am. v. Am. Patents Dev. Corp.*,
  283 U.S. 27 (1931).......................................................................................................................4

*Carlton Intern., PLC v., American Concord Techage, Inc.*,
  No. 94 CIV. 3750 (JFK), 1995 WL 450274 (S.D.N.Y. 1995) .....................................................3

*Chloe v. Queen Bee of Beverly Hills, LLC*,
  616 F.3d 158 (2d. Cir. 2010) ...........................................................................................1, 2, 3, 6

*Citigroup Inc. v. City Holding Co.*,
  97 F. Supp. 2d 549 (S.D.N.Y. 2000)............................................................................................3

*Int'l Shoe v. Washington*,
  326 U.S. 310 (1945).....................................................................................................................5

*J. McIntyre Machinery Ltd. v. Nicastro*,
  131 S.Ct. 2780 (2011)..................................................................................................................6

*Mattel, Inc. v. Adventure Apparel*,
  No. 00 CIV. 4085, 2001 WL 286728 (S.D.N.Y. Mar. 22, 2001) ..........................................2, 4, 6

*Medisim Ltd. v. Bestmed, LLC*,
  No. 10 Civ. 2463(SAS), 2010 WL 2697073 (S.D.N.Y. July 7, 2010) ........................................8

*MEMC Electronic Materials, Inc. v. Mitsubishi Materials Silicon Corp.*,
  420 F.3d 1369 (Fed. Cir. 2005) ...................................................................................................4

*New Angle Pet Prods., Inc. v. MacWillie's Golf Prods., Inc.*,
  No. 06-CV-1171 (DRH)(WDW), 2007 WL 1871345 (E.D.N.Y. June 28, 2007) .......................6

*Pall Corp. v. PTI Technologies, Inc.*,
    992 F. Supp. 196 (E.D.N.Y. 1998) .................................................................................10

*Park v. McGowan*,
    No. 11–CV–3454 (JG)(CLP), 2011 WL 6329797 (E.D.N.Y. Dec. 16, 2011)..........................8

*Posven, C.A. v. Liberty Mut. Ins. Co.*,
    303 F. Supp. 2d 391 (S.D.N.Y. 2004)..............................................................................9

*Rubin v. City of New York*,
    No. 06 Civ. 6524, 2007 WL 950088 (S.D.N.Y. Mar. 29, 2007) .......................................3

*S.E.C. v. Softpoint, Inc..*,
    No. 95 Civ. 2951 GEL, 2001 WL 43611 (S.D.N.Y. Jan. 18, 2001)..................................7

*Stephan v. Babysport, LLC*,
    499 F. Supp. 2d 279 (E.D.N.Y. 2007) ..............................................................................3

*Steuben Foods, Inc. v. Shibuya Hoppmann Corp.*,
    No. 10–CV–781A, 2011 WL 3608064 (W.D.N.Y. Aug. 15, 2011).........................................8

*Thomas Pub. Co. v. Industrial Quick Search, Inc.*,
    237 F. Supp. 2d 489 (S.D.N.Y. 2002)..............................................................................5

**STATUTES**

28 U.S.C. §1404 ................................................................................................................1, 8

C.P.L.R. § 302(a)(1) ............................................................................................................2, 3

C.P.L.R. § 302(a)(2) ............................................................................................................4, 5

C.P.L.R. § 302(a)(3) ...............................................................................................................5

C.P.L.R. § 302(a)(3)(i)............................................................................................................5

C.P.L.R. § 302(a)(3)(ii)...........................................................................................................5

## INTRODUCTION

This case should remain in the Eastern District of New York. Defendant Nextbase-USA has presented no facts to justify either dismissal or transfer. To the contrary, Nextbase-USA admits that it has potentially committed over *one hundred acts of patent infringement* in New York. Nextbase-USA's own case law forecloses any argument that its conduct in this case (115 potentially infringing sales and hundreds of other sales in New York) can evade a finding that it is subject to the jurisdiction of this Court. *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158 (2d. Cir. 2010) (finding jurisdiction based on the sale of *one* infringing handbag into New York and 52 other unrelated sales).

Nextbase's transfer motion – which is based primarily on the convenience of a single witness – does not come close to meeting the requirements of 28 U.S.C. §1404. The convenience of Keating Leung, Nextbase-USA's President, cannot possibly outweigh the interests of the many VOXX[1] witnesses located in New York. VOXX is headquartered in Hauppauge, New York and all of its relevant witnesses work and/or live on Long Island. These witnesses – which include five inventors, the attorneys that submitted the patents, and teams of financial, sales, design and engineering personnel – have a significant quantity of documents which are likewise located in New York. Transporting all of these witnesses and their documents to California cannot possibly be more convenient than making Mr. Leung appear in New York to answer for the infringement that has inflicted damage here on Long Island.

## RELEVANT FACTS

VOXX sued Nextbase-USA for infringement of U.S. Patent Nos. 6,678,892 and 6,928,654 ("the patents-in-suit"). VOXX has its principal place of business on Long Island in

---

[1] Audiovox changed its name to VOXX in 2011.

Hauppauge, New York. (Ex. A, Decl. ¶ 2). It employs over 1300 people. Its operating subsidiary, Audiovox Electronics, is also headquartered in Hauppauge, New York. (Id. at ¶ 3). All except one of the inventors named on U.S. Patent Nos. 6,678,892 and 6,928,654 work at VOXX in Hauppauge, and all of the inventors live on Long Island, New York. (Id. at Decl. ¶ 5-9). VOXX's sales, product development, financial, and engineering staff are located at the VOXX facilities in Hauppauge. (Id. at ¶ 11). VOXX's documents and electronic records are also located at the VOXX facilities in Hauppauge, New York. (Id. at. ¶ 12). Likely third-party witnesses, such as lawyers from the law firm that prosecuted the patents-in-suit are also located on Long Island. (Id. at. ¶ 10).

## ARGUMENT

I. **The Court Has Personal Jurisdiction Over Nextbase-USA Under The New York Long-Arm Statute**

Nextbase-USA has significant contacts with New York and thus this Court has specific personal jurisdiction over Nextbase-USA under the New York long-arm statute. First, jurisdiction is proper under Section 302(a)(1), because Nextbase-USA transacts business in New York. The Second Circuit has held that a *single* sale of an accused infringing product along with other unrelated sales in New York constitutes "transacting business" under Section 302(a)(1). *See* C.P.L.R. § 302(a)(1); *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158 (2d. Cir. 2010) (finding jurisdiction based on the sale of *one* infringing handbag into New York and 52 other unrelated sales); *see also Mattel, Inc. v. Adventure Apparel*, No. 00 CIV. 4085, 2001 WL 286728, at *3 (S.D.N.Y. Mar. 22, 2001) (holding that a single Internet sale to a forum state resident satisfied the due process requirement in a trademark infringement case); *Alpha Int'l, Inc. v. T-Reproductions, Inc.,* No. 02 Civ. 9586, 2003 WL 21511957, at *3 (S.D.N.Y. July 1, 2003) (finding personal jurisdiction where defendant sold "at least one accused product to a New York resident through its

website"); *Rubin v. City of New York*, No. 06 Civ. 6524, 2007 WL 950088, at *2-3 (S.D.N.Y. Mar. 29, 2007) (finding personal jurisdiction where plaintiff "transacted business with New York residents over an 'active' website where customers from New York purchased allegedly infringing merchandise"); *Carlton Intern., PLC v., American Concord Techage, Inc.*, No. 94 CIV. 3750 (JFK), 1995 WL 450274, at *3 (S.D.N.Y. 1995) (finding jurisdiction in patent infringement case under 302(a)(1) where allegedly infringing product had previously been sold in New York).

Here, Nextbase-USA admitted to selling *320 products* in New York including *115 products* accused of infringing the patents-in-suit. (Def.'s Mem. of Law at 2). Nextbase-USA, however, attempts to distance itself from New York, arguing that it transacts business over the Internet and, thus, is not physically present in New York.[2] But, under New York law, "a defendant need not be physically present in New York to transact business." *Queen Bee*, 616 F.3d at 169. "Section 302 is a single act statute and proof of one transaction in New York is sufficient to invoke jurisdiction, even though the defendant never enters New York," so long as the activities are "purposeful" and there is a "substantial relationship" between the transactions and the claims asserted. *Id.* at 170. In this case, Nextbase-USA contracted to supply goods in New York using its website which allows users to register New York shipping addresses, consummate transactions, pay for products, and

---

[2] Nextbase-USA cites *Stephan v. Babysport, LLC*, 499 F. Supp. 2d 279, 287 (E.D.N.Y. 2007), in which this Court determined that a passive website that does not allow users to purchase items but, rather, refers users to third party websites for purchases, is insufficient to confer jurisdiction. That is not the case here. The Nextbase-USA website allows a user to purchase products and ship those products to New York. A website that allows users in the state to transact business, however, "is both significant and unqualifiedly commercial in nature and thus rises to the level of transacting business required under CPLR § 302(a)(1)." *Citigroup Inc. v. City Holding Co.*, 97 F. Supp. 2d 549, 564-67 (S.D.N.Y. 2000) (holding that website that allowed users to apply for loans online was sufficiently directed to the state); *see American Network, Inc. v. Access America/Connect Atlanta, Inc.*, 975 F. Supp. 494, 498–99 (S.D.N.Y. 1997) (holding that where defendant had signed up six New York subscribers to services advertised on home page and sent materials to them in New York in exchange for fees, jurisdiction existed).

arrange for the shipping of products to New York.³ (Leung Decl. ¶ 6). After receiving New York orders, Nextbase-USA intentionally and purposefully packaged products ordered and shipped them directly to New York. Nextbase-USA did this no less than *320 times* including knowingly fulfilling and shipping *115 separate sales orders* of the products accused of infringing the patents-in-suit.⁴ (Leung Decl. ¶ 6). Not only are the 115 sales of accused products "substantially related" to the asserted claims, these Nextbase-USA sales are the precise acts that constitute the infringement alleged in the Complaint.

Second, jurisdiction is proper under Section 302(a)(2), because each of Nextbase-USA's 115 sales of infringing products into New York constitute "a tortious act" within the state.⁵ *See* C.P.L.R. § 302(a)(2). Patent infringement is a tort. *Carbice Corp. of Am. v. Am. Patents Dev. Corp.*, 283 U.S. 27, 33 (1931)). The site of the injury caused by patent infringement "is the location, or locations, at which the infringing activity directly impacts on the interests of the patentee." *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1377 (Fed. Cir. 2005)). Obviously, economic loss occurs to the patent holder at the place where the infringing sale is made because the patent owner loses business there. *See id.* Since Nextbase-USA shipped 115 alleging infringing products into New York, VOXX is located in New York, and VOXX sells products that compete with the alleged infringing products, the site of the injury and, thus, the "tortious act" is within New York.

---

[3] *See Mattel*, 2001 WL 286728, at *3 (finding jurisdiction due to a single Internet transaction because the "activity not only involved the exchange of payment and shipping information but, moreover, was a commercial transaction that was actually consummated on line").

[4] Nextbase-USA acknowledges that the sale of goods in a forum is sufficient to confer personal jurisdiction. Specifically, Nextbase-USA argues that the Central District of California would have personal jurisdiction over VOXX, because VOXX markets and sells DVD in that district. (Def.'s Mem. of Law at 12-13). Applying this same standard, Nextbase-USA's sale of products in New York would give the Eastern District of New York jurisdiction Nextbase-USA.

[5] While Nextbase-USA argues that Section 302(a)(2) is not met, its Table of Contents entry on

Third, to the extent the sales of Nextbase-USA's produced are deemed to have occurred outside of New York, jurisdiction is proper under 302(a)(3), because those sales have caused injury to VOXX within New York. *See* C.P.L.R. § 302(a)(3). Nextbase-USA regularly does business and engages in a persistent course of conduct in New York by shipping 320 products into New York over several years, including 115 of the alleged infringing products. *See* C.P.L.R. § 302(a)(3)(i). Moreover, Nextbase-USA derives substantial revenue from sales in New York, including sales of alleging infringing products. *See Id*. Over the last three years, between 2.54% and 3.6% of Nextbase-USA's sales have been to New York, and a substantial number of those sales have been of the accused products. (Leung Decl. ¶ 6-7). In addition, by shipping hundreds of products into New York, Nextbase-USA "should reasonably expect" that its sales to New York will have "consequences" in New York. *See* C.P.L.R. § 302(a)(3)(ii). Each and every one of Nextbase-USA's infringing sales – whether shipped to New York or any other state – causes foreseeable harm to VOXX's business in New York. *Thomas Pub. Co. v. Industrial Quick Search, Inc.*, 237 F. Supp. 2d 489, 492 (S.D.N.Y. 2002) (finding jurisdiction under 302(a)(3) where the plaintiff could "reasonably expect" its actions to cause "harm to business in the New York market in the form of lost sales or customers"). And, Nextbase-USA "derives substantial revenue from interstate commerce" by selling products over the Internet to customers in any state that wants its products. (Leung Decl. ¶ 3, 4, 8 and 12).[6] *See Id.*

## II.   Personal Jurisdiction Over Nextbase-USA Comports with Due Process

Nextbase-USA has sufficient minimum contacts with New York such that the suit would not offend "traditional notions of fair play and substantial justice." *Int'l Shoe v. Washington*, 326 U.S.

---

that Section is titled "Section 302(a)(2) is Arguably Met." (Def.'s Mem. of Law at i).
[6] Nextbase-USA's business is not purely local in nature – Mr. Leung spends a significant amount of

310, 316 (1945). This case is not a "stream of commerce" case where an unsuspecting Japanese supplier sells an inner tube valve to a company in Taiwan who incorporates that valve into a tire that ends up causing an accident in California. This case is also not a misdirected Internet case where a defendant is unaware of the destination of its products. Here, Nextbase-USA knowingly shipped hundreds of products into New York. It made at least 115 shipments to New York of the very products alleged to infringe VOXX's patents. (Leung Decl. ¶ 6). As the Second Circuit clearly stated in *Queen Bee*, "in actually sending items to New York, there can be no doubt that [defendant's] conduct was 'purposefully directed toward the forum state.'" 616 F.3d at 171 (finding that defendant "purposefully availed himself of the privilege of conducting activities with the forum state, thus invoking the benefits and protection of its laws.").[7]

With respect to back-stop "reasonableness" requirement, Nextbase-USA admits that most of the relevant factors listed in *Asahi Metal Indus. Co. v. Super Ct. of Cal.*, 480 U.S. 102, 113 (1987) favor VOXX. (Def.'s Mem. of Law at 10-11). It admits that "New York has a legitimate interest in adjudicating the dispute" and that "New York has an interest in resolving the controversy efficiently." (Id. at 11). Indeed, of the five factors, Nextbase-USA argues that the "burden on the defendant" is the *only factor* favoring its argument.

In particular, Nextbase-USA contends that the burden to Nextbase-USA and Mr. Leung would be overwhelming.[8] Yet, the facts do not support that there is such an overwhelming burden

---

time shipping orders to other states (Def. Mem. at 1; Leung Decl. ¶ 4).

[7] The Supreme Court's most recent "stream of commerce" case explicitly recognizes that defendants may "purposely avail" itself of the privilege of conducting activity in a state by "sending its goods rather than its agents." *J. McIntyre Machinery Ltd. v. Nicastro*, 131 S.Ct. 2780, 2788 (2011). Likewise, A single Internet sale to a forum state resident has been held to satisfy minimum contacts under the due process requirement. *Mattel, Inc.*, 2001 WL 286728 at *4; *see also New Angle Pet Prods., Inc. v. MacWillie's Golf Prods., Inc.*, No. 06-CV-1171 (DRH)(WDW), 2007 WL 1871345 (E.D.N.Y. June 28, 2007) (two internet sales).

[8] Nextbase-USA does not even acknowledge that many more employees of VOXX (including

-6-

on Nextbase-USA and Mr. Leung. Nextbase-USA never asserts that it does not have the financial means to litigate in New York. Nextbase-USA states only that it is "a small company" but gives no information as to its actual resources, its funding, its relation to larger entities, or even its own sales volume.[9] It is therefore unclear whether defending this suit would be a burden to Nextbase-USA at all. Moreover, while Nextbase-USA points out that Mr. Leung works long hours, Nextbase-USA ignores the fact that much of Mr. Leung's involvement would not necessitate any travel to New York (*e.g.,* depositions can be taken in California). And, while it would occasionally take time out of Mr. Leung's day to attend to matters pertaining to this case, that would occur regardless of whether the case was in New York or in California. *See S.E.C. v. Softpoint, Inc.*., No. 95 Civ. 2951 GEL, 2001 WL 43611, at *5 (S.D.N.Y. Jan. 18, 2001) ("This prong of the inquiry rarely defeats jurisdiction where a defendant has sufficient forum contacts … and is largely academic in non-diversity cases brought under a federal law which provides for nationwide service of process."). Finally, the fact that Mr. Leung would "prefer" to use his California counsel (Leung Decl. ¶ 6) is of no moment. Defending this case in New York is no more of a burden to Mr. Leung than defending this case in California.

---

VOXX's CEO and Audiovox's Electronics' President who are named inventors) would be inconvenienced by having the case transferred to California.

[9] Nextbase-USA's namesake company, Nextbase, is located in Germany and is a substantial organization with ties to Apollo Electronics of China. *See* "Nextbase – About Us", at http://www.nextbase-shop.com/content.php?tpl=about; "Apollo (Zhuhai) Electronics Co., Ltd. – Company", at http://www.apolloelectronics.com/company.htm. Nextbase distributes its products in numerous countries on six continents. *See* "Nextbase – Distributor Info," at http://www.next-base.com/distributor.html. Thus, to say that Nextbase-USA is a "mom and pop" company is not a complete description of the resources being dedicated to the infringement directed at stripping a New York company of significant sales here and across the United States.

**III.     The Court Should Not Transfer This Case**

"Venue in a patent action against a corporate defendant exists wherever there is personal jurisdiction. Therefore, no separate venue inquiry is necessary." *Steuben Foods, Inc. v. Shibuya Hoppmann Corp.*, No. 10–CV–781A, 2011 WL 3608064, at *5 (W.D.N.Y. Aug. 15, 2011) (*citing Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1280 (Fed. Cir. 2005)). As such, upon determining that there is personal jurisdiction over Nextbase-USA in New York, the Court need go no further as to the issue of venue – a New York venue is appropriate.[10]

Defendant, as the party seeking transfer, bears the burden of making a clear and convincing showing that transfer is warranted. *See Park v. McGowan*, No. 11–CV–3454 (JG)(CLP), 2011 WL 6329797, at *3 (E.D.N.Y. Dec. 16, 2011). Nextbase-USA's attempt to move this case over 3000 miles from New York to California for "convenience" is misplaced. *See Boehner v. Heise*, 410 F. Supp. 2d 228, 242 (S.D.N.Y. 2006) (holding that the mere inconvenience of having to litigate a dispute 1,700 miles away is insufficient to show necessity of transfer). That the Eastern District of New York is a proper venue for this action is not reasonably disputed, and there is no rational reason to dislodge this case from the proper venue chosen by VOXX.

The convenience of witnesses is the most important factor in deciding whether to transfer an action under 28 U.S.C. § 1404. *Medisim Ltd. v. Bestmed, LLC*, No. 10 Civ. 2463(SAS), 2010 WL 2697073, at *2 (S.D.N.Y. July 7, 2010) (*citing Filmline (Cross-Country) Productions, Inc. v. United Artists Corp.*, 865 F.2d 513, 520 (2d Cir. 1989)). This factor weighs heavily in VOXX's favor. Four of the named inventors of the patents-in-suit are based at VOXX's

---

[10] Nextbase-USA does not challenge the propriety of venue if personal jurisdiction is found.

headquarters in Hauppauge, New York and all five of the named inventors live on Long Island. (Ex. A, Decl. ¶ 5-9). The inventors include VOXX's President and CEO, VOXX's Senior Vice President of Sales and Audiovox Electronics' President, Audiovox Electronics' Vice President of Engineering, a former Product Manager at Audiovox Electronics, and Product Development Manager at Audiovox Electronics. (Id. at ¶ 5-9). Further, employees relevant to VOXX's marketing, sales, product development, and engineering operations are also located in New York as are the attorneys who prosecuted the patents before the United States Patent and Trademark Commission. (Id. at ¶ 10-11).

This is in stark contrast to Nextbase-USA which states that its *only witness* is located in California and speculates the two other possible witnesses are also located there.[11] (Leung Decl. ¶ 11). Defendant mentions that other witnesses may be in Hong Kong. Obviously, these witnesses will have to travel regardless of whether the case is in New York or California. Nextbase-USA's purported "burden"—flying one witness (Mr. Leung) to New York two years from now for trial — pales in comparison to the significant disruption that VOXX (a New York company) would experience by having to send teams of New York-based employees (including those that run VOXX and Audiovox Electronics) to California for trial. And, for the same reasons discussed above, the convenience of the parties, attendance of witnesses, and practicality factors also weigh in VOXX's favor.

Furthermore, when courts consider whether to transfer venue, the "plaintiff's choice of forum is given considerable weight." This Court should do so here. *Posven, C.A. v. Liberty Mut. Ins. Co.*, 303 F. Supp. 2d 391, 405 (S.D.N.Y. 2004). Nextbase's suggestion (without citation)

---

[11] While Nextbase-USA mentions other employees – Mr. Leung's wife who helps fill orders and an outside laborer who works in the warehouse –Nextbase-USA has provided no evidence that these employees would even have any information relevant to this case.

-9-

that this consideration has been universally diminished by the Federal Circuit is flatly inaccurate. Recent cases (as well as not-so-recent cases) reflect the unremarkable proposition that *when the chosen venue is not a plaintiff's home forum*, the heavy burden of overcoming plaintiff's choice of forum makes less sense. Here, New York is VOXX's home forum and its choice of venue is to afforded significant weight.[12]

Additional factors likewise support venue in New York. Infringement has occurred in New York. Significant proofs are located in New York. Damage is felt in New York. New York federal courts are more than equipped to deal with cases involving federal law. There is no evidence that New York courts are any more congested than those in the California.[13] Moreover, Nextbase-USA has failed to even facially meet its burden with respect to some of the factors that it focuses on. For example, Nextbase-USA provides no information (other than to say it is a "mom and pop" organization) as to its means or financial capacity to carry out the suit and, thus, fails to demonstrate that it does not have the means to defend the action in New York. *Pall Corp. v. PTI Technologies, Inc.*, 992 F. Supp. 196, 200 (E.D.N.Y. 1998) (determining that this factor weighed in plaintiff's favor where "defendant offer[ed] no argument or financial data in this regard"). In fact, as discussed in footnote 9, there may be more than meets the eye behind Nextbase-USA.

In conclusion, all of the factors to be considered when analyzing venue are either neutral or weigh heavily in VOXX's favor. As such, there is no sufficient basis to transfer this case across the country to California.

---

[12] It worth note that the Second Circuit's law, not the Federal Circuit's, is applicable to this issue.

[13] In 2011 the Central District of California had 25,939 newly filed or pending civil cases, the Eastern District of New York has nearly half that number with 13,877 cases. *See* Ex. B, United States Courts, "U.S. District Courts – Civil Cases Commenced, Terminated, and Pending."

## **CONCLUSION**

For the foregoing reasons, this Court should deny Nextbase-USA's motion to dismiss or, in the alternative, to transfer.

Dated: January 11, 2012

                                                By:  /s/ Scott Samay

                                                    Scott R. Samay
                                                    ssamay@winston.com
                                                    Michael S. Elkin
                                                    melkin@winston.com
                                                    Jason S. Charkow
                                                    jcharkow@winston.com
                                                    WINSTON & STRAWN LLP
                                                    200 Park Avenue
                                                    New York, New York 10166
                                                    Tel:  (212) 294-6700
                                                    Fax: (212) 294-4700

                                                    *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I, Anna Lamut, hereby state that on January 11, 2012, a copy of Voxx International Corporation's Opposition to Nextbase-USA's Motion Dismiss, or, in the Alternative, to Transfer was served on the following by email:

A. Eric Bjorgum
Marc A. Karish
KARISH & BJORGUM, PC
238 East Union Street, Suite A
Pasadena, CA 91101
213.785.8070 (Telephone)
Eric.bjorgum@kb-ip.com
marc.karish@kb-ip.com

*Attorneys for Defendant*

I hereby certify under penalty of perjury that the foregoing is true and correct.

Executed on January 11, 2012.

_____
Anna Lamut