UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
AUDIOVOX CORPORATION,

                       Plaintiff,        <u>MEMORANDUM & ORDER</u>
                                         11-CV-5142(JS)(GRB)

      -against-

SOUTH CHINA ENTERPRISE, INC. (d/b/a
NEXTBASE-USA.COM),

                       Defendant.
----------------------------------------X
APPEARANCES
For Plaintiff:      Jason Scott Charkow, Esq.
                    Michael S. Elkin, Esq.
                    Scott R. Samay, Esq.
                    Winston & Strawn LLP
                    200 Park Avenue, 41st Floor
                    New York, NY 10166

For Defendant:      Alfred E. Bjorgum, Esq.
                    Marc A. Karish, Esq.
                    Karish & Bjorgum
                    238 East Union Street, Suite A
                    Pasadena, CA 91101

SEYBERT, District Judge:

        Plaintiff Audiovox Corporation[1] ("Plaintiff") commenced this patent infringement action on October 21, 2011 against South China Enterprise, Inc. d/b/a Nextbase-USA.com ("Defendant") seeking injunctive relief and damages arising out of Defendant's alleged infringement of U.S. Patent Nos. 6,678,892 and 6,928,654 (collectively, the "Patents-In-Suit"). Presently before the Court are Defendant's motion to dismiss the

---

[1] Audiovox Corporation changed its name to VOXX International Corporation in 2011 after this case was commenced. (Johnson Decl. ¶ 2.)

Complaint pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction and pursuant to Rule 12(b)(3) for improper venue, or, in the alternative, to transfer venue pursuant to 28 U.S.C. § 1404(a) and Plaintiff's motion to amend the Complaint. For the reasons stated below, Defendant's motion is DENIED and Plaintiff's motion is GRANTED.

BACKGROUND

I.  Factual Background

Plaintiff, the owner of the Patents-In-Suit, is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business in Hauppauge, New York. (Compl. ¶ 2.) Plaintiff employs approximately 1,300 people, all of whom work out of Plaintiff's offices in New York, and all of its documents and electronic records are located in its facilities in New York. (Johnson Decl. ¶¶ 2, 11.) Additionally, all five of the inventors of the Patents-In-Suit live in New York. (Johnson Decl. ¶¶ 4-9.)

Defendant is a corporation organized and existing under the laws of the state of California, with its principal place of business in El Monte, California. (Compl. ¶ 4; Leung Decl. ¶ 2.) Defendant is in the business of selling portable DVD players and related accessories that it imports from the manufacturer, Simon Trading Co. Ltd., in Hong Kong. (Leung Decl. ¶ 3; Leung Supp. Decl. ¶ 3.) It sells these products

2

through its website, Nextbase-USA.com, which enables customers to place orders online. (Leung Decl. ¶ 6 & Ex. A.) Between 2009 and 2011, Defendant made approximately 320 sales to consumers in New York, comprising 3.6 percent of Defendant's total volume of sales, and approximately 115 of Defendant's sales in New York were of the allegedly infringing product. (Leung Decl. ¶¶ 6-7.)

Defendant is a small business run primarily by Keating Leung, its President and sole shareholder, who works approximately sixty hours per week. (Leung Decl. ¶¶ 1, 10.) Mr. Leung at times receives assistance from his wife to fulfill orders, occasionally employs a laborer to assist in the company's warehouse in El Monte, California, and employs a sales representative based in Detroit, Michigan. (Leung Decl. ¶¶ 4, 5.) Defendant has no employees or offices in New York. (Leung Decl. ¶ 5.)

II. Procedural Background

Plaintiff commenced this patent infringement action in October 2011 against Defendant asserting claims for infringement of the Patents-In-Suit. On December 28, 2011, Defendant moved to dismiss or, in the alternative, change venue. (Docket Entry 8.) Plaintiff filed its opposition on January 11, 2012 (Docket Entry 9), and Defendant filed its reply on January 18, 2012 (Docket Entries 10-12). On February 24, 2012, Plaintiff filed a

3

motion to amend the Complaint to add a claim against Defendant for the infringement of U.S. Patent No. 8,109,569 (the "'569 Patent").   (Docket Entry 13.)   Defendant did not file any opposition.   Both motions are presently pending before the Court.

DISCUSSION

The Court will first address Defendant's motion to dismiss or transfer venue.  It will then turn to the merits of Plaintiff's motion to amend.

I.   <u>Motion to Dismiss</u>

Defendant moves to dismiss on two grounds:  for lack of personal jurisdiction and for improper venue.   In the alternative, Defendant moves for a change of venue in the interest of justice.

A.   <u>Lack of Personal Jurisdiction</u>

1.   <u>Legal Standard Under Rule 12(b)(2)</u>

A plaintiff bears the burden of demonstrating personal jurisdiction over the person or entity being sued.  <u>See</u> <u>Penguin Grp. (USA) Inc. v. Am. Buddha</u>, 609 F.3d 30, 34 (2d Cir. 2010) (citation omitted).   The Court has "considerable procedural leeway" in resolving a pretrial motion to dismiss for lack of jurisdiction:  it may decide the motion on the basis of the parties' affidavits by themselves, "permit discovery in aid of the motion, or . . . conduct an evidentiary hearing on the

4

merits of the motion." Marine Midland Bank, N.A. v. Miller, 664 F.2d 899, 904 (2d Cir. 1981) (citations omitted). A plaintiff's precise burden depends on how the Court elects to address the jurisdiction issue. Id. Short of a "full-blown evidentiary hearing on the motion, the plaintiff need make only a prima facie showing of jurisdiction through its own affidavits and supporting materials." Id. While a plaintiff will still have to establish jurisdiction by a preponderance of the evidence at trial or a pretrial evidentiary hearing, "until such a hearing is held, a prima facie showing suffices, notwithstanding any controverting presentation by the moving party, to defeat the motion." Id.

"A plaintiff can make this showing through [its] own affidavits and supporting materials, containing [a] [good faith] averment of facts that, if credited . . . , would suffice to establish jurisdiction over the defendant." In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig., 399 F. Supp. 2d 325, 330 (S.D.N.Y. 2005) (alterations in original) (quoting Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 208 (2d Cir. 2001)) (internal quotation marks omitted). When the issue is addressed in affidavits, all allegations are construed in the light most favorable to the plaintiff and all doubts are resolved in the plaintiff's favor. Id.; DiStefano v. Carozzi N. Am., Inc., 286 F.3d 81, 84 (2d Cir. 2001). Thus, the Court

accepts Plaintiff's evidence as true.  See In re Ski Train Fire in Kaprun, Austria on Nov. 11, 2000, 343 F. Supp. 2d 208, 213 (S.D.N.Y. 2004) ("[A] court may consider materials outside the pleadings, but must credit the plaintiff's averments of jurisdictional facts as true.").

### 2.   Determining Personal Jurisdiction

Whether or not a defendant is subject to personal jurisdiction involves a two-part analysis.  First, the Court asks whether the Defendant's acts bring it within reach of the long-arm statute of the state in which the Court sits.  Grand River Enters. Six Nations, Ltd. v. Pryor, 425 F.3d 158, 165 (2d Cir. 2005).  Second, if the state's long-arm statute permits the Court's exercise of jurisdiction, the Court must then determine whether such exercise would be consistent with the due process guarantees of the United States Constitution.  See id.

### a.   New York's Long-Arm Statute

Plaintiff argues that Defendant is subject to personal jurisdiction under subsections (a)(1), (2), and (3) of N.Y. C.P.L.R. 302.  Because the Court finds that jurisdiction is proper under C.P.L.R. 302(a)(1), it will not address the applicability of the other sections.

Section 302(a)(1) provides for the exercise of long-arm jurisdiction over an out-of-state-defendant who "transacts any business within the state or contracts anywhere to supply

goods or services in the state." See also Grand River, 425 F.3d at 166. A party need not be physically present in the state for the court to obtain personal jurisdiction. See Chloé v. Queen Bee of Beverly Hills, L.L.C., 616 F.3d 158, 169 (2d Cir. 2010). Rather, New York courts define transacting business as "purposeful activity--'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" Best Van Lines, Inc. v. Walker, 490 F.3d 239, 246-47 (2d Cir. 2007) (quoting McKee Elec. Co. v. Rauland-Borg Corp., 20 N.Y.2d 377, 382, 229 N.E.2d 604, 607, 283 N.Y.S.2d 34, 37-38 (1967)).[2] "Moreover, where there is a showing that business was transacted [in New York], there must be a 'substantial nexus' between the business and the cause of action." Grand River, 425 F.3d at 166 (citation omitted).

When analyzing whether a defendant's internet activity rises to the level of purposeful activity sufficient to satisfy Section 302(a)(1), courts apply a "sliding scale" test based on the level of a website's interactivity. See Best Van Lines, 490

---

[2] Courts have noted that this standard tends "to conflate the long-arm statutory and constitutional analyses by focusing on the constitutional standard: whether the defendant's conduct constitutes 'purposeful[] avail[ment]' 'of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" Id. at 247 (alterations in original) (quoting Hanson v. Denckla, 357 U.S. 235, 253, 78 S. Ct. 1228, 2 L. Ed. 2d 1283 (1958)).

F.3d at 251 ("'[T]he likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet.'" (quoting Zippo Mfg. Co. v. Zippo Dot Com, Inc., 952 F. Supp. 1119, 1124 (W.D. Pa. 1997))).  A website that merely passively provides information that is accessed by individuals in New York is not grounds for the exercise of personal jurisdiction.  See, e.g., ISI Brands, Inc. v. KCC Int'l, Inc., 458 F. Supp. 2d 81, 86 (E.D.N.Y. 2006) ("Internet websites that are not of a commercial nature and do not permit the purchase of products on-line are not sufficient to confer personal jurisdiction pursuant to section 302(a)(1)." (collecting cases)); Stephan v. Babysport, L.L.C., 499 F. Supp. 2d 279, 287 (E.D.N.Y. 2007) (finding that the defendant's website did not rise to the level of transacting business in New York because "[c]ustomers cannot complete a contract for sale via the [defendant's] website").  However, if a website is interactive and allows a buyer in New York to submit an order online, courts typically find that the website operator is "transacting business" in New York and is therefore subject to the court's jurisdiction.  See Hsin Ten Enter. USA, Inc. v. Clark Enters., 138 F. Supp. 2d 449, 456 (S.D.N.Y. 2000) ("Generally, an interactive website supports a finding of personal jurisdiction over the defendant."); see also, e.g.,

<u>Mattel, Inc. v. Adventure Apparel</u>, No. 00-CV-4085, 2001 WL 286728, at *3 (S.D.N.Y. Mar. 22, 2001) (finding that the plaintiff's "order[ing] allegedly infringing merchandise from Adventure over its web site, using his credit card, and Adventure['s] shipp[ing] that merchandise into New York" was "sufficient to bring Adventure into the category of a defendant 'transact[ing] any business,' via the internet, in New York within the meaning of N.Y. C.P.L.R. 302(a)(1)" because "[t]his activity not only involved the exchange of payment and shipping information but, moreover, was a commercial transaction that was actually consummated on line").

Here, Defendant's website Nextbase-USA.com rose to the level of transacting business in New York as it was highly interactive:  Defendant not only advertised its products on its website which was accessible to customers nationwide, but customers in New York directly placed orders through the site that Defendant personally fulfilled and shipped to New York. And, in the past three years, Defendant shipped as many as 320 orders to consumers in New York.  Further, there is a substantial nexus between Defendant's business in New York and the cause of action as 115 of those New York-orders involved the allegedly infringing product.  Thus, the Court finds that Defendant's sale of the allegedly infringing items to customers in New York through its website amounts to transacting business

in New York sufficient to establish long-arm jurisdiction under
N.Y. C.P.L.R. 302(a)(1).

> b.   The Due Process Clause[3]

Having established that Defendant falls within the
reach of New York's long-arm statute, the next issue is whether
the Court's exercise of jurisdiction over Defendant comports
with the Constitution's due process guarantees.   Asahi Metal
Indus. Co., Ltd. v. Super. Ct. of Cal., Solano Cnty., 480 U.S.
102, 108-09, 107 S. Ct. 1026, 94 L. Ed. 2d 92 (1987).   These
guarantees are satisfied when a defendant has certain minimum
contacts with the forum state such that maintenance of the suit
would not "offend traditional notions of fair play and
substantial justice."   Int'l Shoe Co. v. Washington, 326 U.S.
310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945) (internal quotation
marks and citation omitted).   The Federal Circuit applies a
three-factor test:   "(1) whether the defendant 'purposefully
directed' its activities at residents of the forum; (2) whether
the claim 'arises out of or relates to' the defendant's
activities with the forum; and (3) whether the assertion of
personal jurisdiction is 'reasonable and fair.'"   Inamed Corp.
v. Kuzmak, 249 F.3d 1356, 1360 (Fed. Cir. 2001) (quoting Akro

---

[3] Because this is a patent infringement case, the Court applies
the law of the Federal Circuit to its due process analysis.   See
Graphic Controls Corp. v. Utah Med. Prods., Inc., 149 F.3d 1382,
1385 (Fed. Cir. 1998) (citations omitted)).

Corp. v. Luker, 45 F.3d 1541, 1545 (Fed. Cir. 1995)).   "The
first two factors correspond with the 'minimum contacts' prong
of the International Shoe analysis, and the third factor
corresponds with the 'fair play and substantial justice' prong
of the analysis."   Id. at 1360.

### i.   Purposeful Availment

To establish that Defendant has the requisite minimum
contacts with the forum, Plaintiff must show that Defendant
purposely availed itself of the privilege of doing business in
New York.   Touchcom, Inc. v. Bereskin & Parr, 574 F.3d 1403,
1411-12 (Fed. Cir. 2009) (quoting Hanson, 357 U.S. at 253).
"Contacts with the forum that are 'random,' 'fortuitous,' or
'attenuated,' or that result from the 'unilateral activity of
another party or third person' are not sufficient to establish
personal jurisdiction."   Id. at 1412 (quoting Burger King Corp.
v. Rudzewicz, 471 U.S. 462, 475, 105 S. Ct. 2174, 85 L. Ed. 2d
528 (1985)).   Here, Defendant argues that his contacts with New
York are too attenuated.   The Court disagrees.   Defendant admits
that it received orders directly from customers in New York
through its website and shipped its products--including 115 of
the allegedly infringing product--to these customers in New
York.   Such conduct is sufficient to satisfy due process's
"minimum contacts" inquiry.   See, e.g., Beverly Hills Fan Co. v.
Royal Sovereign Corp., 21 F.3d 1558, 1565 (Fed. Cir. 1994) ("The

allegations are that defendants purposefully shipped the accused fan into Virginia through an established distribution channel. The cause of action for patent infringement is alleged to arise out of these activities. No more is usually required to establish specific jurisdiction.”); see also, e.g., Chloé, 616 F.3d at 171 (finding a defendant who offered his product for sale to New York consumers on his company’s website and selling the product to New York consumers “‘purposefully avail[ed] [him]self of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws’” (alterations in original) (quoting Burger King, 471 U.S. at 475)).

## ii.  Nexus

The second factor in the due process inquiry requires the Court to examine “whether the claim arises out of or relates to the defendant’s activities in the forum.” Inamed Corp., 249 F.3d at 1360 (internal quotation marks and citation omitted). Here, there is a clear nexus between Defendant’s activities in New York and the claims in Plaintiff’s Complaint as the claims relate to Defendant’s sale of the allegedly infringing products in New York. See, e.g., Hypoxico, Inc. v. Colo. Altitude Training L.L.C., No. 02-CV-6191, 2003 WL 21649437, at *6 (S.D.N.Y. July 14, 2003).

iii. <u>Reasonableness</u>

Plaintiff must also demonstrate that the exercise of jurisdiction over Defendant is reasonable and thus would not "offend traditional notions of fair play and substantial justice." <u>Asahi</u>, 480 U.S. at 113 (internal quotation marks and citation omitted); <u>accord</u> <u>Radio Sys. Corp. v. Accession, Inc.</u>, 638 F.3d 785, 789 (Fed. Cir. 2011). There are five factors that a court must consider in determining whether the exercise of jurisdiction is reasonable: (1) the burden on Defendant, (2) the interests of the forum state, (3) Plaintiff's interest in obtaining relief, (4) "the interstate judicial system's interest in obtaining the most efficient resolution of controversies," and (5) "the shared interest of the several States in furthering fundamental substantive social policies." <u>Asahi</u>, 480 U.S. at 113.

Defendant concedes that the second, third, and fourth factors all favor Plaintiff's choice of forum and that the fifth factor is neutral. Defendant argues that jurisdiction in New York would be unreasonable solely because "[i]t would be a very large burden" on Defendant. This is insufficient. <u>Beverly Hills</u>, 21 F.3d at 1568 (stating that if the defendant had the requisite minimum contacts with the forum state, it would be unreasonable for the forum to assert jurisdiction only in "the rare situation in which the plaintiff's interest and the state's

interest in adjudicating the dispute in the forum are so attenuated that they are clearly outweighed by the burden of subjecting the defendant to litigation within the forum"); Keaton v. Hustler Magazine, Inc., 465 U.S. 770, 774, 104 S. Ct. 1473, 79 L. Ed. 2d 790 (1984) (stating the purposeful minimum contacts is "ordinarily" enough); cf. Bank Brussels Lambert v. Fiddler Gonzalez & Rodriquez, 305 F.3d 120, 129-30 (2d Cir. 2002) ("Even if forcing the defendant to litigate in a forum relatively distant from its home were found to be a burden, the argument would provide defendant only weak support, if any, because 'the conveniences of modern communication and transportation ease what would have been a serious burden only a few decades ago.'" (quoting Metro. Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 574 (2d Cir. 1996)).

Thus, the Court finds that asserting jurisdiction over Defendant comports with "traditional notions of fair play and substantial justice," Asahi, 480 U.S. at 113 (internal quotation marks and citation omitted) and, accordingly, Defendant's motion to dismiss for lack of personal jurisdiction is DENIED.

B.  Venue

Defendant also moves to dismiss under Rule 12(b)(3) for improper venue or, in the alternative, moves to transfer venue to the United States District Court for the Central District of California under 28 U.S.C. § 1404(a).

1.   <u>Motion to Dismiss for Improper Venue</u>

Rule 12(b)(3) allows a defendant to move to dismiss a claim based on "improper venue."  When considering a motion to dismiss for improper venue, the Court must accept the facts alleged in the Complaint as true and draw all reasonable inferences in favor of the non-moving party.  <u>Concesionaria DHM, S.A. v. Int'l Fin. Corp.</u>, 307 F. Supp. 2d 553, 555 (S.D.N.Y. 2004).  In ruling on the motion, however, the Court may rely on facts and consider documents outside of the Complaint.  <u>See</u> <u>id.</u> Further, once an objection to venue has been raised, Plaintiff bears the burden of proving that venue is proper.  <u>See</u> <u>French Transit, Ltd. v. Modern Coupon Sys., Inc.</u>, 858 F. Supp. 22, 25 (S.D.N.Y. 1994).

Because this is a patent infringement action, venue is governed by 28 U.S.C. § 1400(b), which provides that venue is proper either "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."  28 U.S.C. § 1400(b); <u>see also</u> <u>Hsin Ten Enter.</u>, 138 F. Supp. 2d at 461.  "The Federal Circuit has explained that the test for venue for a corporate defendant in a patent infringement case is 'whether the defendant was subject to personal jurisdiction in the district of suit at the time the action was commenced.'"  <u>Tigercat Indus. Inc. v. Deere & Co.</u>,

No. 05-CV-761S, 2007 WL 1087564, at *1 (W.D.N.Y. Apr. 9, 2007)
(quoting VE Holding Corp. v. Johnson Gas Appliance Co., 917 F.2d
1574, 1584 (Fed. Cir. 1990)); see also Steuben Foods, Inc. v.
Shibuya Hoppmann Corp., No. 10-CV-781A, 2011 WL 3608064, at *5
(W.D.N.Y. Aug. 15, 2011) (citing Trintec Indus., Inc. v. Pedre
Promotional Prods., Inc., 395 F.3d 1275, 1280 (Fed. Cir. 2005)).
As the Court has personal jurisdiction over Defendant, venue is
proper, and Defendant's motion to dismiss for improper venue is
DENIED.

    2.   <u>Motion to Transfer Venue</u>[4]

    District courts may transfer a civil matter "[f]or the
convenience of parties and witnesses, in the interest of
justice . . . to any other district court or division where it
might have been brought."  28 U.S.C. § 1404(a).  In determining
whether to grant a motion to transfer venue, courts must engage
in a two-part inquiry: "(1) whether the action 'might have been
brought' in the proposed transferee forum; and (2) whether the
transfer promotes convenience and justice."  Excelsior Designs,
Inc. v. Sheres, 291 F. Supp. 2d 181, 185 (E.D.N.Y. 2003)
(quoting Schertenleib v. Traum, 589 F.2d 1156, 1161 (2d Cir.
1978)).  The Court finds that this action could have been

---

[4] The Court applies the law of this Circuit, not of the Federal
Circuit, to Defendant's motion to transfer venue.  See
Children's Network, L.L.C. v. PixFusion L.L.C., 722 F. Supp. 2d
404, 409 n.2 (S.D.N.Y. 2010) (citing Winner Int'l Royalty Corp.
v. Wang, 202 F.3d 1340, 1352 (Fed. Cir. 2000)).

brought in the Central District of California, and Plaintiff does not appear to dispute this. Thus, the Court will focus its analysis on whether transfer would promote convenience and justice.

Courts have broad discretion in deciding whether a transfer is warranted, and they consider factors that include:

> (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties.

D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 106-07 (2d Cir. 2006) (alteration in original) (internal quotation marks and citation omitted).

The party requesting transfer carries the "burden of making out a strong case for transfer," N.Y. Marine and Gen., Ins. Co. v. Lafarge N. Am., Inc., 599 F.3d 102, 114 (2d Cir. 2010) (internal quotation marks and citation omitted), and the plaintiff's choice of forum "should not be disturbed unless the balance of factors tips decidedly in favor of a transfer," Wildwood Imps. v. M/V Zim Shanghai, No. 04-CV-5538, 2005 WL 425490, at *3 (S.D.N.Y. Feb. 20, 2005) (citation omitted); see also N.Y. Marine, 599 F.3d at 114. The Court finds that Defendant has failed to do that here.

a.   <u>Convenience of the Parties</u>

First, Defendant argues that the convenience of the parties weighs in favor of transfer because Defendant is located in California and Plaintiff is currently defending two lawsuits in California.   While this tends to show that Plaintiff is capable of litigating in California, the Court fails to see how this makes California a more convenient forum.   Defendant does not assert that there is a possibility of consolidating the New York and California cases, Plaintiff--a defendant in the California actions--did not choose the California forum, and most importantly Plaintiff is located in New York.   "No matter where this action is to be heard, should it proceed to trial, either the plaintiff or the defendant will be inconvenienced by having to travel a substantial distance."   <u>Designs By Glory, Ltd. v. Manhattan Creative Jewelers, Inc.</u>, 657 F. Supp. 1257, 1259 (S.D.N.Y. 1987).

b.   <u>Convenience of the Witnesses</u>

Second, Defendant argues that convenience of the witnesses also favors a California forum because Defendant's sole employee, Mr. Leung, is located in California and two other "possibl[e]" third-party witnesses are located in California-- Mr. Leung's wife and Defendant's accountant.   When making a motion to transfer venue on the ground that witnesses will be inconvenienced, however, the defendant must state generally what

their testimony will cover. See Falconwood Fin. Corp. v. Griffin, 838 F. Supp. 836, 840-41 (S.D.N.Y. 1993) (citations omitted). As Defendant has failed to do that there, the Court gives this factor little weight. See Orb Factory, Ltd. v. Design Sci. Toys, Ltd., 6 F. Supp. 2d 203, 208-09 (S.D.N.Y. 1998) ("Vague generalizations and failure to clearly specify the key witnesses to be called, along with a statement concerning the nature of their testimony, are an insufficient basis upon which to grant a change of venue under § 1404(a); Whitehaus Collection v. Barclay Prods., Ltd., No. 11-CV-0217, 2011 WL 4036097, at *4 (S.D.N.Y. Aug 29, 2011) ("Where a party 'has outlined the expected testimony of [its witnesses] in only vague terms, they will not be considered as material witnesses whose convenience will affect the balancing inquiry.'" (alteration in original) (quoting Dealtime.com v. McNulty, 123 F. Supp. 2d 750, 755 (S.D.N.Y. 2000)).

### c.   Relative Means of the Parties

"A party arguing against or for transfer because of inadequate means must offer documentation to show that transfer (or lack thereof) would be unduly burdensome to his finances." MasterCard Int'l Inc. v. Lexcel Solutions, Inc., No. 03-CV-7157, 2004 WL 1368299, at *7 (S.D.N.Y. June 16, 2004) (internal quotation marks and citations omitted); see also Orb Factory, 6 F. Supp. 2d at 210. Yet, here, Defendant only provides the

Court with the unsupported allegation that Plaintiff is "an international company with 'over 30 brands' and is traded on the NYSE," whereas Defendant is "a small, literally 'mom and pop' organization." (Def. Mot. 15.) Defendant provides no information about its own resources and financial ability to defend this action in New York, and, accordingly, the Court places little weight on this factor.

        d.   <u>Locus of Operative Facts and Ease of Access to Proof</u>

Defendant also argues that transfer is warranted because all of its documents are located in the Central District of California. However, "[t]he location of relevant documents is largely a neutral factor in today's world of faxing, scanning, and emailing documents." <u>Am. Steamship Owners Mut. Prot. & Indem. Ass'n, Inc. v. Lafarge N. Am., Inc.</u>, 474 F. Supp. 2d 474, 484 (S.D.N.Y. 2007). Further, "[i]n patent cases, the locus of operative facts usually lies where either the patent-in-suit or the allegedly infringing product was designed, developed, and produced," <u>Children's Network</u>, 722 F. Supp. 2d at 413, and, here, the Patents-In-Suit were developed by inventors in New York and the allegedly infringing products were produced in Hong Kong. Accordingly, this factor also does not favor transfer to California.

e.   Plaintiff's Choice of Forum

Next, Defendant asserts that Plaintiff's choice of forum should be given little weight because "Plaintiff is a multinational corporation that can litigate anywhere." (Def. Mot. 15.)   This is an incorrect statement of the law.   The "plaintiff's choice of forum is presumptively entitled to substantial deference," Gross v. British Broad. Corp., 386 F.3d 224, 230 (2d Cir. 2004) (citation omitted), especially where, as here, Plaintiff is a resident of the forum district, Berman v. Informix Corp., 30 F. Supp. 2d 653, 659 (S.D.N.Y. 1998).

f.   Court Expertise

Finally, Defendant argues that transfer is appropriate because the Central District of California has designated patent judges.   However, the Eastern District of New York also has designated patent judges, and the undersigned is one of them.

Thus, the Court finds that the balance of factors does not weigh in favor of a transfer.   Accordingly, Defendant's motion to change venue is also DENIED.

II.   Motion to Amend

Also pending before the Court is Plaintiff's motion to amend the Complaint.   Amendment to pleading is governed by Rule 15 of the Federal Rules of Civil Procedure, which provides that the Court "should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2).   Whether leave to amend is granted or

denied is at the sound discretion of the district court.   <u>See</u> <u>Guzman v. Bevona</u>, 90 F.3d 641, 649 (2d Cir. 1996).

Here, Plaintiff is seeking leave to amend its Complaint to add a claim for damages and injunctive relief arising out of Defendant's alleged infringement of the '569 Patent.   Because Defendant does not oppose the motion and in light of the liberal standard under Rule 15(a)(2), the Court grants Plaintiff's motion.   <u>See</u> <u>Foman v. Davis</u>, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962) ("In the absence of any apparent or declared reason . . . the leave sought should, as the rules require, be 'freely given.'").

<u>CONCLUSION</u>

For the foregoing reasons, Defendant's motion is DENIED in its entirety, and Plaintiff's motion is GRANTED.


SO ORDERED

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

DATED:     July __26__, 2012
           Central Islip, New York

22